UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Mario J. Ortiz, et al.,                                                  Case No.  3: 14 cv 1050

                          Plaintiffs

            v.                                                      MEMORANDUM OPINION
                                                                              AND ORDER

Ocwen Loan Servicing, LLC,

                          Defendant


          Plaintiffs initiated this action against Ocwen Loan Servicing, LLC for problems related to the

servicing of their loan and mortgage.  Defendant Ocwen timely removed this action from the Lucas

County Court of Common Pleas in May 2014.


          Ocwen now moves for dismissal of this action under Fed. R. Civ. P. 12(b)(6).  Alternatively,

Defendant moves for a more definite statement.   As the matters have been briefed, the motion is

ready for adjudication.


### APPLICABLE LEGAL STANDARDS

          Fed.R.Civ.P. 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon

which relief can be granted."  Courts must accept as true all of the factual allegations contained in

the complaint when ruling on a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

*Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007).  To survive a motion to dismiss under Rule

12(b)(6), "even though a complaint need not contain 'detailed' factual allegations, its 'factual

allegations must be enough to raise a right to relief above the speculative level on the assumption

that all the allegations in the complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.  *Twombly*, 550 U.S. at 555  (stating that the complaint must contain something more than "a formulaic recitation of the elements of a cause of action").  A complaint must state sufficient facts to, when accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  Motions for a more definite statement are generally disfavored but appropriate in those instances where there has not been compliance with Rule 8 but the deficiency is not so material that the pleading should be dismissed pursuant to Rule 12(b)(6).  *See* 2 James Wm. Moore, MOORE'S FEDERAL PRACTICE § 12.36[1] (3d ed. 2014).

## DISCUSSION

Defendant's motion advocates dismissal as the complaint makes no cognizable claim against Ocwen.  The Defendant charges that a negligence claim, to the extent it is asserted, fails to identify a duty on behalf of Ocwen.  Finally, Defendant challenges the Plaintiffs' claims under the Real Estate Settlement Procedures Act ("RESPA") as deficient.

Plaintiff's response appears to challenge the motion for dismissal noting the existence of factual issues which presumably preclude dismissal under Rule 12(c ).  The Plaintiffs also state their complaint "refers to a series of transactions with a self possessed arm of the Defendant" which

"giv[es] rise to a claim for damages under 2605(f) of Title 12 and Section 3500.21(f) of Reg.X Plaintiff's are entitled to recover damages for the failure of Defendant to respond to the Qualified Written Request." (Doc. No. 6 at p. 2). Plaintiffs also allude to the Defendant's negligent performance of "its duties to Plaintiffs in having accurate records of the transactions between the parties." (*Id.*)

The complaint states in pertinent part:

> 3. That during the period of time Defendant had serviced the loan, the collection of the loan was referred to a collection company with a claim that the payments on the loan were in arrears.

> 4. That Plaintiff Mario Ortiz, Jr. Made his current payments to the collection company, a subsidiary of Defendant, and the loan was current.

> 5. During the period of time that the collection company was servicing the loan, several threats to foreclose on the underlying mortgage were made to Plaintiff Mario Ortiz, Jr., although the loan payments were current.

> 6. That the collection company returned servicing and collection of the payments to Defendant in or about January 2014 and still claimed that the loan was in arrears in the amount of $2059.83.

> 7. As a result of negligence of Defendant Ocwen Loan Servicing, LLC, , Plaintiff has been damaged by the failure of Defendant to properly account for payments on the mortgage. Further Defendant has made and continues to make threats that the mortgage will be foreclosed upon even though the account is current. Such actions by Defendant are affecting Plaintiff Mario Ortiz' credit detrimentally.

> 8. The actions of Defendant have affected the relationship of the Plaintiffs in that the stress of attempting to obtain clear records of the payments on the loan have been made impossible. Further the stress on Nicole Ortiz as a result of the actions of Defendant have required her to seek professional help to cope with the stress to her financial detriment and the detriment of her health.

> 9. The allegations in paragraphs 1 though 8 of this complaint are realleged and incorporated herein by this reference.

10.  The Defendant is a servicer of a "federally related mortgage loan" as that term is defined in Section 2602(1) of Title 12 of the United States Code.

11.  The "qualified written request" was not acknowledged within 20 days of receipt as required by Section 2605(e )(1)(A) of Title 12 of the United States Code and Section 3500.21(e)(1) of Req. X.

12.  The Defendant did not, within 60 days of receipt of the "qualified written request," provide the information requested and inform the Plaintiffs of its actions as required by Section 2605(e )(1)(B)(2) of Title 12 of the United States Code and Section 3500.21(e )(3) of Reg. X.

13.  The Defendant has failed to comply with Section 2605 of Title 12 of the United States Code.

14.  Pursuant to Section 2605(f) of Title 12 of the United States code and Section 3500.21(f) of Reg. X, the Plaintiffs may recover of the Defendant actual damages, costs, and reasonable attorney fees for each failure of the Defendants to comply with any part of Section 2605 of Title 12 of the United States Code.

(Doc. No. 1-1).  Based upon these allegations, Plaintiffs request damages "in the amount of $100,000.00 for the negligent acts of Defendant in handling the account with the Plaintiffs."  (*Id.*)

Having reviewed the complaint, I find the complaint to be ambiguous and in need of revision to reflect a concise and orderly pleading.  In their response to the Defendant's motion, Plaintiffs concede their complaint is not the model of precision but oppose dismissal of their allegations.  The Plaintiff's do not object or address Defendant's motion for a more definite statement.

Where a pleading is so ambiguous that the responding party is incapable of fashioning an appropriate response, it is appropriate to move for a more definite statement.  Here, the claims of negligence are intertwined with federal claims under RESP and should be separated so that all are clear as to the specific causes of action.  *See Sanders v. Amerimed, Inc.*, __F.Supp.2d __, 2014 WL 1664472 (S.D. Ohio 2014) (ordering a more definite statement to give clarity to the claims alleged). Accordingly, Defendant's motion for a more definite statement is granted.

4

**CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss (Doc. No. 5) is denied but the motion for a more definite statement (Doc. No. 5) is granted.  Accordingly, Plaintiff is granted fourteen (14) days from the date of this Order to file an amended complaint delineating its causes of action.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge